UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KENNETH E ROBINSON,<br><br>      Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>      Defendant. | No. 2:15-CV-00106-SMJ<br><br>**ORDER GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION AND DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION** |

  Before the Court, without oral argument, are cross-summary-judgment motions. ECF Nos. 14 & 15. Plaintiff Kenneth E. Robinson appeals the Administrative Law Judge's (ALJ) denial of benefits. ECF No. 14. Plaintiff contends the ALJ did not properly consider the treating and examining sources. Specifically, the Plaintiff contends that the ALJ failed to properly consider then reject the opinions of Dr. Mabee, Dr. Charboneau, Nurse Practitioner Billings, and Dr. Jackline. The Commissioner of Social Security ("Commissioner") asks the Court to affirm the ALJ's decision.

ORDER - 1

After reviewing the record and relevant authority, the Court is fully informed. For the reasons set forth below, the Court affirms the ALJ's decision and therefore denies Plaintiff's motion and grants the Commissioner's motion.

**A.    Statement of Facts[1]**

In 1990 Mr. Robinson obtained a general equivalency diploma (GED) Tr. 231. His past work experience was as a medical resident supervisor, as a nurse's aide, and as a resident supervisor. Tr. 24, Finding 6. Plaintiff believes that he is entitled to benefits due to several physical and psychological conditions that have made him unable to sustain employment on a regular and continuing basis since December 31, 2007. The ALJ determined that Plaintiff has a number of severe impairments: diabetes mellitus, bilateral shoulder impingement, status post bilateral carpal tunnel, and trigger finger trigger releases surgeries, affective disorder, anxiety-related disorders, personality disorder, somatoform disorder, cannabis dependence, and methamphetamine dependence in reported remission. Tr. 15, Finding 3. However, after applying the five-step sequential evaluation process for determining whether the Plaintiff was disabled, the ALJ concluded that that the Plaintiff was not disabled under 216(i), 223(d) and 1614(a)(3)(A) of the Social Security Act. Tr. 13.

---

[1] The facts are only briefly summarized. Detailed facts are contained in the administrative hearing transcript, the ALJ's decision, and the parties' briefs.

### B. Procedural History

On November 8, 2011, the Plaintiff filed for Disability Insurance Benefits and Supplemental Security Income. Tr. 194-213. The applications were denied on February 3, 2012. Tr. 147-150. Plaintiff filed a request for reconsideration on March 30, 2012. Tr. 151-152. The request was denied on May 29, 2012. Tr. 155-158. Plaintiff requested a hearing on June 4, 2012. Tr. 155-158. On July 29, 2013, the Honorable Lori Freund held an administrative hearing on said request. Tr. 37-92. Judge Freund ruled against the Plaintiff. Tr. 10-29. On February 26, 2015, the Appeals Council denied Plaintiff's request for review. Tr. 1-4. Pursuant to 42 U.S.C. § 405(g), Plaintiff timely filed this action on April 17, 2015.

### C. Disability Determination

A "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The decision-maker uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

Step one assesses whether the claimant is engaged in substantial gainful activities. If he is, benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is not, the decision-maker proceeds to step two.

Step two assesses whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not, the disability claim is denied. If the claimant does, the evaluation proceeds to the third step.

Step three compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1, 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment does not, the evaluation proceeds to the fourth step.

Step four assesses whether the impairment prevents the claimant from performing work he has performed in the past by examining the claimant's residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. If the claimant cannot perform this work, the evaluation proceeds to the fifth step.

Step five, the final step, assesses whether the claimant can perform other work in the national economy in view of his age, education, and work experience.

ORDER - 4

20 C.F.R. §§ 404.1520(f), 416.920(f); *see Bowen v. Yuckert*, 482 U.S. 137 (1987).  If the claimant can, the disability claim is denied.  If the claimant cannot, the disability claim is granted.

The burden of proof shifts during this sequential disability analysis.  The claimant has the initial burden of establishing a *prima facie* case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971).  The burden then shifts to the Commissioner to show (1) the claimant can perform other substantial gainful activity, and (2) that a "significant number of jobs exist in the national economy," which the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).  A claimant is disabled only if his impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

**D.   Standard of Review**

On review, the Court considers the record as a whole, not just the evidence supporting the ALJ's decision.  *See Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).  The Court upholds the ALJ's determination that the claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record as

1  a whole to support the decision. *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.
2  1983) (citing 42 U.S.C. § 405(g)); *Brawner v. Sec'y of Health & Human Servs.*,
3  839 F.2d 432, 433 (9th Cir. 1987) (recognizing that a decision supported by
4  substantial evidence will be set aside if the proper legal standards were not applied
5  in weighing the evidence and making the decision). Substantial evidence is more
6  than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir.
7  1975), but less than a preponderance, *McAllister v. Sullivan*, 888 F.2d 599, 601-02
8  (9th Cir. 1989); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576
9  (9th Cir. 1988). "It means such relevant evidence as a reasonable mind might
10 accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389,
11 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [ALJ]
12 may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*,
13 348 F.2d 289, 293 (9th Cir. 1965). If the evidence supports more than one
14 rational interpretation, the Court must uphold the ALJ's decision. *Allen v.*
15 *Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

**E.  Analysis**

The ALJ used the required five-step sequential framework to determine whether Plaintiff was disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 31, 2007. Tr. 15, Finding 5. At step two, the ALJ concluded that Plaintiff has several severe impairments as

defined under the Social Security Act and Regulations. Tr. 15, Finding 5. The impairments included the following: diabetes mellitus, bilateral shoulder impingement, status post bilateral carpal tunnel, and trigger finger trigger releases surgeries, affective disorder, anxiety-related disorders, personality disorder, somatoform disorder, cannabis dependence, and methamphetamine dependence in reported remission. Tr. 15, Finding 3. At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the requisite severity. Tr. 18, Findings 4. At step four, the ALJ concluded that Plaintiff is unable to perform any past relevant work. Tr. 12, Finding 6. At step five, the ALJ found that Plaintiff, despite certain limitations, has the residual functional capacity to perform light work and is capable of making a successful adjustment to other work that exists in significant numbers in the national economy including as laundry duty worker, small part assembler, and a mail room clerk. Tr. 24-25, Finding 10.

Plaintiff believes that, in reaching this conclusion, the ALJ committed reversible error. He argues that the ALJ did not properly consider the opinions of the treating and examining practitioners: Dr. W. Scott Mabee, Dr. Gregory Charboneau, John Billings, Advanced Registered Nurse Practitioner (ARNP), and Dr. William Jackline. Instead, the Plaintiff argues, that the ALJ relied upon the non-treating, non-examining source, vocational expert Thomas Polsin.

1. Nurse Practitioner John Billings.

In the present case, the ALJ's explanation are germane reasons to reject Mr. Billings' opinion. The ALJ indicated at least two reasons to discount Mr. Billings' opinion: (1) it is offered by a non-accepted medical source; and (2) the objective findings in Mr. Billings' treatment notes do not support his opined restrictions. Tr. 23. For the purpose of evaluating the opinions of nurse practitioners, the ALJ may consider said opinions as "other sources." 20 C.F.R. § 404.1513(a) & (d)(1). "The ALJ may discount testimony from these 'other sources' if the ALJ 'gives reasons germane to each witness for doing so.' " *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir.2012) (quoting *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir.2010)). Social security regulations only require that information from "other sources" be "considered." 2006 SSR LEXIS 5, at *17 (citing 20 C.F.R. §§ 404.1512, .1527, 416.912, .927)). Here, the ALJ considered Mr. Billings' opinion and gave it "no weight." Tr. 23. While Plaintiff disagrees with the reason, he does not site authority that would prevent an ALJ from discounting that opinion. Moreover, the ALJ's conclusion that Mr. Billings' opinion about Mr. Robinson's limitations was not supported by the treatment notes, is fatal to the Plaintiff's contention. The ALJ indicates that the treatment notes primary focus on medication management as opposed to objectively identified sings, symptom, or laboratory findings that support the offered opinion.

Tr. 23. Thus, the ALJ's finding as to Mr. Billings opinion is supported by substantial evidence.

### 2. Dr. Charboneau, Mr. Abigail Osborne-Elmer, M.S., L.M.H.C., And Dr. Mabee, And Dr. Jackline.

Plaintiff argues that the ALJ failed to properly consider the opinions of Dr. Charboneau, Dr. Abigail Osborne-Elmer, Dr. Mabee, and Dr. Jackline. ECF No. 44 at 18-19. Specifically, he believes that the ALJ did not support the rejection of their opinions with specific and legitimate reasons that were supported by substantial evidence in the record. The Court disagrees and finds that the ALJ met the applicable substantial evidence standard.

In Social Security cases, there are three types of medical opinions: those from treating physicians, examining physicians, and non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The amount of weight afforded each type of physician varies; opinions of treating physicians is accorded greater weight than those of examining physicians, which in turn are afforded greater weight than those of non-examining physicians. *Id.* (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Gallant v. Heckler*, 753 F.2d 1450 (9th Cir. 1984)). To reject an opinion of either a treating or examining physician, an ALJ must set forth "specific and legitimate reasons that are supported by substantial evidence in the record," even if the opinion is contradicted by another doctor. *Id.* at 830-31

ORDER - 9

(citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)). If such an opinion is not contradicted by another, then the ALJ "must provide 'clear and convincing' reasons for rejecting" it. *Id.* (citing *Pitzer*, 908 F.2d at 506)). "The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Id.* (citing *Pitzer*, 908 F.2d at 506 n. 4; *Gallant*, 753 F.2d at 1456)).

Here, Dr. Charboneau was an examining psychologist, Ms. Abigail Osborne-Elmer, was a licensed mental health counselor, Dr. Mabee was the psychologist, and Dr. Jackline was the examining psychologist. Their opinions were contradicted by non-examining State agency psychologist Dr. Kester. The ALJ gave great weight to the Dr. Kester yet gave little weight to the opinions of Dr. Charboneau and Ms. Abigail Osborne under the supervision of Dr. Mabee and Dr. Jackline. Tr. 23. Accordingly, this Court will assess the record to see if the ALJ's conclusion is supported by substantial evidence. Applying this standard involves reviewing the administrative record as a whole. *Id.* If the evidence is susceptible to more than one rational interpretation, the Court will uphold the ALJ's decision. *Id.* "'The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting medical evidence, stating his interpretation thereof, and making findings.'" *Magallanes*, 881 F.2d at 751

(quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)). This is precisely what the ALJ has done in this instance

### a. Medical Opinions of Dr. Charboneau, MNs. Abigail Osborne, Dr. Mabee.

The ALJ gave little wait to the work restrictions opinions of Dr. Charboneau, Ms. Abigail Osborne, and Dr. Mabee because the evaluations were conducted for determining the claimants eligibility for State assistance. Tr. 23. The ALJ reasoned that the claimants have incentives to overstate symptoms and complaints because their continued assistance is dependent on the outcome of the evaluation. Id. Additionally, the standards for State assistance are more liberal. The evaluations, the ALJ found, "…contain few objective findings other than self-report in support of the degree of limitation opined." Id. Finally, the ALJ found these opinions appear to have been one time visits or attorney referral based primarily on subjective complaints with no indications that the opining sources had any medical record information to review before offering their respective opinions. Id. The ALJ provided legitimate reasons to reject the examinations by Dr. Charboneau and Ms. Abigail Osborne under the supervision of Dr. Mabee.

### b. Medical Opinion of Dr. Jackline.

The ALJ found that Dr. Jackline's opinion should be given weight as to the Plaintiff's diagnosis but cautioned on his insight. Id. The ALJ considered Dr.

ORDER - 11

Jackline's diagnosis of a generalized anxiety disorder, a depressive disorder, not otherwise specified, a post-traumatic stress disorder, a history of cannabis abuse in sustained, full remission, a history of amphetamine dependence in sustained full remission, and a personality disorder, not otherwise specified, with antisocial, paranoid, and borderline features. Tr. 17. However, the Plaintiff failed to disclose to Dr. Jackline that he was still using cannabis. Id. An ALJ may give less weight or reject the doctor's opinion of the claimant's mental limitations because of claimant's substance abuse. *See Andrews v. Shalala,* 53 F.3d 1035, 1043 (9th Cir. 1995). The Plaintiff does not cite any authority opposing this authority or reasoning. Accordingly, this Court finds that the ALJ considered Dr. Jackline's opinion and gave it the proper weight under totality of the facts and circumstances of the case.

        3.    <u>Credit-As-True.</u>

Finally, the Plaintiff requests that the Court credit-as-true the opinions of Mr. Billings, Dr. Charboneau, Dr. Jackline, Ms. Osborne-Elmer and Dr. Mabee. The Ninth Circuit has developed a three part credit-as-true standard that must be satisfied in order for the court to remand to an ALJ: "… (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the

improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d. 995, 1020 (9th Cir. 2014). Because the Court finds that the ALJ provided legally sufficient reasons for rejecting the evidence, the Court will not credit-as-true the testimony of the Plaintiff's proffered witnesses. Indeed, the ALJ provided ample specific, clear and convincing evidence for this determination. Accordingly, the Court will not disturb the ALJ's findings.

**F.    Conclusion**

In summary, the Court finds the record contains substantial evidence from which the ALJ properly concluded, when applying the correct legal standards, that Kenneth E. Robinson does not qualify for benefits.

Accordingly, **IT IS HEREBY ORDERED**:

    **1.**    Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

    **2.**    The Commissioner's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

    **3.**    **JUDGMENT** is to be entered in the Commissioner's favor.

    **4.**    The case shall be **CLOSED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 22th day of June 2016.

*[signature]*
SALVADOR MENDOZA, JR.
United States District Judge